UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DR. LOUIS L. SOBOL, M.D., a Michigan resident, individually and as the representative of a class of similarly-situated persons,

Case No. 16-14339

Honorable Nancy G. Edmunds

      Plaintiff,

v.

IMPRIMIS PHARMACEUTICALS, INC.,

      Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR A PLACEHOLDER CLASS CERTIFICATION [2]**

On December 13, 2016, Plaintiff filed a class action complaint alleging that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 by sending unsolicited facsimiles to Plaintiff and at least thirty-nine others. That same day, Plaintiff filed a motion for a placeholder class certification "to avoid an attempt by Defendant(s) to moot Plaintiff's individual claims in this class action." (Dkt. 2, at 2.) For the following reasons, Plaintiff's motion is denied.

The general rule, which prompted Plaintiff's motion, is that a court must dismiss a class action if the named plaintiff's individual claim becomes moot before class certification. *Wilson v. Gordon*, 822 F.3d 934, 942 (6th Cir. 2016). But an exception to this rule sometimes applies where the defendant's actions mooted the plaintiff's individual claim. *Id.* at 947. Courts refer to this exception as the "picking off" exception, and the Sixth Circuit

has applied it in various circumstances for over thirty years. *See id.* at 948 (citing *Blankenship v. Secretary of HEW*, 587 F.2d 329, 331-33 (6th Cir. 1978)).

The Supreme Court recently had occasion in *Campbell-Ewald Co. v. Gomez* to confirm or deny that courts may apply the "picking off" exception to mootness, but it did not do so. 136 S. Ct. 663 (2016); *see also Richardson v. Bledsoe*, 829 F.3d 273, 282 (3d Cir. 2016) ("*Campbell-Ewald* did not address the picking off exception. Doing so was clearly unnecessary under *Campbell-Ewald*'s logic."). There, the Court was deciding whether a class action becomes moot when a defendant offers a lead plaintiff an unaccepted settlement offer under Federal Rule of Civil Procedure 68. *Campbell-Ewald Co.*, 136 S. Ct. at 669-672. The Court held that such an offer does not moot the case, but it grounded that holding in "basic principles of contract law." *Id.* at 670. Subsequently, the Sixth Circuit determined that district courts could still apply the "picking off" exception. *Wilson*, 822 F.3d at 951 ("[W]e hold that the district court had an adequate basis on which to conclude that the 'picking off' exception applies to this case.").

In light of *Wilson*, the Court cannot identify a reason for granting Plaintiff's motion. Plaintiff's class action will not become moot if Defendant "picks off" his individual claims, so a placeholder class certification is unnecessary. *See Compressor Eng'g Corp. v. Comfort Control Supply Co.*, 2016 WL 4502467, at *1 (E.D. Mich. Aug. 29, 2016). Plaintiff's motion is accordingly DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds

United States District Judge

Dated: December 15, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 15, 2016, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager
