## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| DR. LOUIS L. SOBOL, M.D., a Michigan resident, individually and as the representative of a class of similarly-situated persons, ) ) ) ) | |
| Plaintiff, ) | Case No. 16-cv-14339 |
| v. ) ) | Judge Nancy G. Edmunds  Mag. Judge Elizabeth A. Stafford |
| IMPRIMIS PHARMACEUTICALS, INC., ) ) | |
| Defendant. ) | |

### AGREED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE TO THE CLASS

Plaintiff, Dr. Louis L. Sobol, M.D. ("Plaintiff"), on behalf of himself and a proposed settlement class of similarly-situated persons (identified herein as the "Settlement Class"), respectfully requests, pursuant to Fed. R. Civ. P. 23 (e), that the Court enter an order (1) preliminarily approving the parties' proposed class action Settlement Agreement (the "Agreement") attached to Plaintiff's supporting brief as Exhibit A, (2) approving the form of Class Notice attached as Exhibit A to the Agreement and its dissemination to the Settlement Class by fax and by mail to class members who cannot be reached by fax, and (3) setting dates for opt-outs, objections, and a fairness hearing to take place no sooner than 120 days after the class notice date and 90 days after the government officials receive the notice CAFA

1

requires (to be served by defense counsel no later than 10 days after this motion, which attaches the Agreement, is filed with the Court).

A proposed Preliminary Approval Order is attached as Exhibit C to the Agreement and will be submitted to the Court electronically. This motion is unopposed.

Plaintiff has filed a brief in support of this motion.


Dated: February 11, 2019                    Respectfully submitted,

                                            DR. LOUIS L. SOBOL, M.D., a Michigan
                                            resident, individually and as the
                                            representative of a class of similarly-situated
                                            persons,

                                            By: /s/ David M. Oppenheim
                                                    One of their attorneys

                                            Phillip A. Bock
                                            Tod A. Lewis
                                            David M. Oppenheim
                                            BOCK, HATCH, LEWIS & OPPENHEIM, LLC
                                            134 N. La Salle St., Ste. 1000
                                            Chicago, IL 60602
                                            Tel:  (312) 658-5500
                                            Fax: (312) 658-5555

                                            Richard Shenkan
                                            SHENKAN INJURY LAWYERS, LLC
                                            6550 Lakeshore St.
                                            West Bloomfield, MI 48323-1429
                                            Tel:  (248) 562-1320
                                            Fax: (888) 769-1774

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| DR. LOUIS L. SOBOL, M.D., a Michigan resident, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | |
| | ) | Case No. 16-cv-14339 |
| Plaintiff, | ) | |
| | ) | Judge Nancy G. Edmunds |
| v. | ) | Mag. Judge Elizabeth A. Stafford |
| | ) | |
| IMPRIMIS PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## BRIEF IN SUPPORT OF AGREED MOTION
## FOR PRELIMINARY APPROVAL OF
## <u>CLASS ACTION SETTLEMENT AND NOTICE TO THE CLASS</u>

Plaintiff, Dr. Louis L. Sobol, M.D. ("Plaintiff"), on behalf of himself and a proposed settlement class of similarly-situated persons (identified herein as the "Settlement Class"), respectfully requests that the Court preliminarily approve the proposed class action settlement (<u>Exhibit A</u>) and, in support thereof, states as follows:

## <u>STATEMENT OF THE ISSUES</u>

Whether the settlement embodied in the Settlement Agreement is "fair, reasonable, and adequate" for the absent class members.

Whether the contents of the Class Notice proposed by the Parties are clear and concise, and meet the requirements of Rule 23 (c) (3).

3

Whether the proposed method for sending the Class Notice is reasonable, as required by under Rule 23 (e) (1).

## CONTROLLING AUTHORITY

- Federal Rule of Civil Procedure 23;

- *Int'l Union, United Auto, Aerospace and Implement Workers of America v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007);

- *Ramey v. Cincinnati Enquirer, Inc.,* 508 F.2d 1188, 1196 (6th Cir. 1974);

## I.     Background of the litigation.

Plaintiff's Class Action Complaint alleges that Defendant sent unsolicited advertisements by facsimile to Plaintiff and others in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). The action seeks statutory damages. Based upon discovery and computer analysis of fax transmission records, Plaintiff contended that Defendant's advertisements were successfully sent by fax 44,158 times to 15,613 different fax numbers during fax broadcasts in 2016 and 2017.

Defendant has argued that most of these broadcasts were to past customers from whom it had consent to send fax advertisements. Four of the broadcasts, however, were sent to persons in the records of TAG Pharmacy, which Imprimis acquired in 2015. Imprimis might have gotten prior express permission from these persons when they ordered products from Imprimis. Such an order may have prompted Imprimis customer service to contact the person placing the order and obtain permission to send them faxes.

Plaintiff's expert in the case, Lee Howard, has reviewed the purchase records Imprimis produced and analyzed them against the fax transmission records, removing persons for whom Imprimis has a record of a purchase between its acquisition of TAG Pharmacy and the transmission of the fax to the person. As discussed in Plaintiff's reply brief in support of class certification, this leaves a class

of 10,835 total faxes to 2,961 different fax numbers, including Plaintiff's. Because these persons have a stronger claim against Imprimis and because Imprimis has a limited ability to pay a settlement or judgment, the parties have agreed to settle only their claims. As part of the settlement process, Defendant shared certain financial data with Plaintiff. Based on its review of these documents, Plaintiff has concluded that the settlement is at or near the most money the class would ever be able to collect from Defendant.

Although "blast fax" class actions might superficially appear to be relatively simple—*i.e.,* the issue of whether a defendant sent unsolicited advertisements by fax may not seem complex—TCPA class action jurisprudence generally, and the issues in this case specifically, reveal "simple" to be an unfair characterization.  Absent settlement, this case does not necessarily result in a judgment for the class, trebled damages, or collection from Defendant. A fair, reasonable, and adequate settlement avoids risk and delay. *See, e.g., Leonhardt v. ArvinMeritor, Inc*., 581 F. Supp. 2d 818, 834 (E.D. Mich. 2008) ("class members would bear the risk that continued litigation will leave them with nothing because of loss and, in some cases, also because of delay").

This case has been hard fought and required skilled and specialized lawyering. During the litigation, this Court and the parties have tackled complex issues within the context of the TCPA and Rule 23.

This was a document-intensive case. Plaintiff pieced together documents regarding numerous fax broadcasts originating with two fax broadcasters. Through third-party discovery and discovery of Defendant, including a successful motion to compel, Plaintiff assembled the data necessary for his expert to determine who got which fax templates when. Moreover, through both written and oral discovery (three depositions of Imprimis employees), Plaintiff was able to drill down on Defendant's consent defense and determine its strength and weakness. The settlement class contains the persons for whom Defendant's consent defense was weakest. Plaintiff also successfully argued to the Court that Defendant should not be entitled to belatedly raise a personal jurisdiction defense against absent class members.

The Parties have negotiated a formal, written settlement agreement, drafted proposed court orders, and drafted a proposed notice to the absent class members; and now they submit their Agreement to the Court.

## II.     Summary of the settlement.

If finally approved by the Court after notice to the Settlement Class, the parties' settlement agreement would resolve this action and the controversy about Defendant's advertisements sent by fax on July 29, 2016, August 31, 2016, September 6, 2016, or November 16, 2016 (the "Class Period"). Plaintiff and Defendant negotiated the settlement after reviewing and analyzing the legal and factual issues presented by this action, the risks and expenses involved in pursuing

the lawsuit to conclusion, the likelihood of additional litigation, and the likelihood, costs, and possible outcomes of one or more procedural and substantive appeals. Based upon their review and analysis, Plaintiff and Defendant agreed to and executed the Agreement.

The Agreement's key terms are as follows:

a. <u>Certification of a Settlement Class</u>. The Parties have stipulated to certification of a Rule 23 (b) (3) "Settlement Class" defined as: "All Persons that were successfully sent one or more alleged advertisements by facsimile from Imprimis Pharmaceuticals, Inc., on July 29, 2016, August 31, 2016, September 6, 2016, or November 16, 2016 ("the Faxes") in broadcasts by Openfax, excluding (a) any Person who first ordered an Imprimis prescription between September 1, 2015, and the date the first facsimile advertisement was sent to that person, and (b) any Person who acknowledges providing express permission to receive facsimile advertisements from Defendant." Excluded from the Settlement Class are Imprimis Pharmaceuticals, Inc., any of its parents, subsidiaries, affiliates or controlled persons, and its officers, directors, partners, members, agents, servants, and employees of any kind, the immediate family members of such persons, Class Counsel's partners, associates, and employees, and their immediate family members, and the Court and its employees and staff. *See* Agreement, <u>Exhibit A</u>, at ¶ 1.38.

8

b.   <u>The Class Representative and Class Counsel</u>. The parties have agreed that Plaintiff shall be the Class Representative and that Plaintiff's attorneys (Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim LLC and Richard Shenkan of Shenkan Injury Lawyers, LLC) shall be Class Counsel for the Settlement Class. *Id*. at ¶¶ 1.6, 1.7.

c.   <u>Settlement Fund</u>. Defendant will make available a settlement fund of $1,450,000.00 (the "Settlement Fund"), to pay Class members (including Plaintiff) who timely submit an approved Claim Form a *pro rata* share of the Settlement Fund ($1,450,000 divided by 10,835 = $133.83),  an incentive payment to the class representative, attorney's fees to Class Counsel, and expenses not to exceed $53,500.00 to Class Counsel. Defendant is entitled to keep all unclaimed funds in the Settlement Fund. *Id.*, ¶ 1.8.

d.   <u>Claims</u>.

(i)   <u>Claim Form</u>. A person must identify himself/herself/itself as the owner/holder/user of one or more of the involved fax numbers at the time of the fax transmissions covered by the settlement to claim relief from the Settlement Fund. The class notice includes a simple, one-page claim form for submitting such claims for payment. The Claim Form is the fourth page of the Notice (Exhibits A and B to the Settlement Agreement). On the Claim Form a person must affirm that

one or more of its fax numbers identified in Defendant's fax broadcaster's records as having been sent one or more advertisements was that person's fax number at the time and that they do not affirmatively remember providing express permission to Defendant or affirmatively remember purchasing products for the first time during the time between Defendant's purchase of TAG Pharmacy (and the target list for the faxes in the settlement class period) and the date of the person's fax, potentially triggering a sales call seeking consent.

A person submitting an approved Claim Form will be mailed a payment of the lesser of $133.83 per fax that was sent to that fax number (per the records produced in the Litigation) or a *pro rata* share of the Settlement Fund after the other required payments are subtracted. That figure may also increase if persons believed to be members of the class remove themselves from the class through affirmatively responding to one or both of the consent and purchase-during-the-key-time-period-questions.

The claimant need not possess any copy of any of the faxes at issue, need not remember receiving any fax, and need not know anything about Defendant. Rather, the claimant must merely identify himself/herself/itself as a member of the Settlement Class by verifying

ownership of one or more targeted fax numbers at the relevant time, answer a question about whether he/she/it purchased anything from Imprimis during the time between Defendant's purchase of TAG Pharmacy (and the target list for the faxes in the settlement class period) and the date of the person's fax, and answer a question about whether he/she/it gave prior express permission to receive advertising faxes from Defendant. *Id.*, ¶¶ 1.2, 1.22, 2.1 and Exhibit B thereto.

(ii)   <u>Settlement Administrator</u>. Subject to the Court's approval, a company named KCC LLC will be the "Settlement Administrator," and will issue the class notice, maintain the settlement website, assist class members, receive the claim forms, and provide a list of approved and rejected claims to counsel for the parties. The Settlement Administrator will provide copies of all approved claim forms to counsel for the parties. *Id.*, ¶ 1.36. KCC has agreed to charge no more than $24,906.00.

e.   <u>Class Notice</u>. The parties have agreed to notify the Settlement Class about the settlement by sending the notice to the fax numbers originally targeted with Defendant's fax transmissions, then by U.S. Mail to the addresses associated with the fax numbers that don't accept the class notice after three attempts, and by publishing the notice and claim form on the

11

Settlement Administrator's website. The notice includes instructions about opting out, objecting, or submitting a claim form by fax or mail or electronically to the Settlement Administrator and includes Class Counsel's direct dial telephone numbers for people to call with questions. *Id.*, ¶ 4.2 and Exhibit A thereto.

f.    <u>Release</u>. The Settlement Class will release all claims that were brought or which could have been brought in this action against Defendant and the other released parties about Defendant's advertisements sent by fax on July 29, 2016, August 31, 2016, September 6, 2016, or November 16, 2016, but not any claim pertaining to the facsimiles sent at other times. *Id.*, ¶¶ 1.14, 1.32-1.34, 1.42, 3.1-3.2.

g.    <u>Attorney's Fees and Costs and Class Representative Award</u>. At the final approval hearing, as indicated in the class notice, Class Counsel will apply to the Court to approve an award of attorney's fees equal to one-third of the Settlement Fund ($483,333.33), plus reasonable out-of-pocket expenses not to exceed $54,000.00, including the cost of settlement administration. Class Counsel will also ask the Court to approve an award of $15,000 from the Settlement Fund for Dr. Louis A. Sobol, M.D. for serving as the Class Representative. *Id.*, ¶¶ 1.19-1.21, 8.1, 8.3.

III.   **The Court should preliminarily approve the settlement.**

A.     **The proposed settlement is within the range of possible approval.**

A district court's review of a proposed class action settlement is typically a two-step process. The first step is to hold a preliminary fairness hearing prior to notifying the class members about the proposed settlement. *Tennessee Ass'n Health Mntce. Orgs. v. Grier,* 262 F.3d 559, 565-66 (6th Cir. 1983). The purpose of that preliminary hearing is to determine whether the proposed settlement is "within range of possible approval." *In re General Motors Corporation Engine Interchange Litigation*, 594 F. 2d 1006, 1124 (7th Cir. 1979). The second step is to hold a final approval hearing after notice to the absent class members, at which time the Court can consider any objections lodged by class members or a government official pursuant to CAFA, before deciding whether to approve the settlement and enter judgment.

The Sixth Circuit has held that the appropriate preliminary approval determination is "whether the compromise embodied in the decree is illegal or tainted with collusion." *Tenn. Ass'n Health Mntce. Orgs*, 262 F.3d at 565. That the standard for preliminary approval is less stringent than that for final approval allows the class members to be heard on the merits of a settlement.

B.     **Standard for judicial evaluation and approval.**

A court may approve a class action settlement if the settlement "is fair, reasonable, and adequate." Fed. R. Civ. P. 23 (e) (1) (C); *Int'l Union, United Auto,*

13

*Aerospace and Implement Workers of America v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007). It is well-established that there is an overriding public interest in settling and quieting litigation, and this is particularly true in class actions. *See Int'l Union,* 477 F.3d at 632 (noting "the federal policy favoring settlement of class actions"). If the court finds that the settlement falls "within the range of possible approval," the court should grant preliminary approval and authorize the parties to notify the class members about the settlement. *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982).

### C.   Factors considered in determining whether a settlement is fair, reasonable, and adequate.

In *finally* determining whether the settlement is fair, reasonable, and adequate, the trial court will consider the following factors: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and the class representatives; (6) the reaction of absent class members; and (7) the public interest." *Brent v. Midland Funding, LLC,* 2011 WL 3862363 at *12 (N. D. Ohio 2011), *citing Int'l Union,* 497 F.3d at 632.

At the *preliminary* approval stage, "only certain of these factors are relevant to the fairness inquiry." *Smith v. Ajax Manethermic Corp.,* 2007 WL 3355080 at *6 (N.D. Ohio 2007). "In its preliminary assessment of the fairness of the proposed settlement, the Court must take care not to intrude upon the private settlement

14

negotiations of the parties any more than is necessary to determine that the agreement is not the result of fraud or collusion, and that it is fair and adequate in light of the potential outcome and the costs of litigation." *Id.*, *citing Inter-Op Hip Prosthesis Liab. Litig.,* 204 F.R.D. 330, 351 (N.D. Ohio 2001). In this case, these factors show that the proposed settlement is within the range of possible approval and, therefore, that the Court (a) should permit the parties to notify the Settlement Class and (b) should schedule a fairness hearing to determine whether to finally approve the settlement.

New Federal Rule 23 (e) (2), which went into effect December 1, 2018, requires that: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other. Here, all of these factors show the settlement should be approved. These factors are satisfied here.

The parties' Agreement resulted from arm's-length negotiations between experienced counsel with an understanding of the strengths and weaknesses of their

respective positions in this case. "[W]hen a settlement is the result of extensive negotiations by experienced counsel, the Court should presume it is fair." *In re Inter-Op,* 204 F.R.D. at 351, *citing Williams v. Vukovich*, 720 F.2d 909, 923 (6th Cir. 1983).

Class action litigation is time consuming in terms of both pretrial and trial work. "Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them." *Brent,* 2011 WL 3862363 at *16, *quoting In re Austrian and German Bank Holocaust Litig.,* 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000). This case is no exception. Defendant has denied liability and says it agreed to settle only to avoid the distraction and expense of defending protracted litigation and exposure to higher liability. There are risks attendant to further litigation in this matter, and substantial delay and expense.

The decision to settle is reasonable considering the risks of continued litigation. This was a hard-fought case, with clear indication that the remaining litigation would remain contentious. Then, the parties would likely litigate one or more appeals after the litigation in the district court level concluded. In addition to the risk of losing, continued litigation would delay the class members' receipt of any recovery.

The TCPA gives private citizens a right to sue to (i) enjoin future transmissions, (ii) recover the greater of actual monetary damages or $500 in

damages for each junk fax, or (iii) obtain an injunction plus damages. If a court finds that the sender willfully or knowingly violated the TCPA, it may increase the award up to three times the amount of damages. Here, each class member who was successfully sent one of the Faxes, does not opt-out of this proposed settlement and who submits a timely and valid claim form will be mailed a check for $133.83 per fax Defendant sent their fax number(s), subject to possible, but unlikely, reduction. Defendant has raised consent-based defenses to class certification. Such defenses have the potential to defeat class certification. *See, e.g., Sandusky Wellness Center LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460 (6th Cir. 2017). Just as importantly, Defendant has a limited ability to pay, and it is currently involved in major intellectual property litigation that has the potential to bankrupt it. Settling and getting class members a substantial payment now makes sense in light of the uncertainties both in the litigation and with respect to the potential for collection later.

Plaintiff's attorneys believe this settlement is fair, reasonable, and adequate. Plaintiff's attorneys have litigated TCPA class actions since 2003. The Court appointed them class counsel in this case, and other courts have appointed them class counsel in TCPA cases, as well as in other types of class actions. *See, e.g., American Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, Case No. 09-cv-1162 (W.D. Mich.), *affirmed by* 757 F.3d 540 (6th Cir. 2014); *Avio, Inc. v. Alfoccino, Inc.*, Case

No. 10-CV-10221 (E.D. Mich.); *APB Associates, Inc. v. Bronco's Saloon, Inc., et al.*, Case No. 09-CV-14959 (E.D. Mich.); *Compressors Engineering Corp. v. Manufacturers Financial Corp. et al.*, Case No. 09-CV-14444 (E.D. Mich.); *Jackson's Five Star Catering, Inc. v. Beason*, Case No. 10-CV-10010 (E.D. Mich.); *Compressors Engineering Corp. v. Thomas*, Case No. 10-CV-10059 (E.D. Mich.); *Imhoff Investments, LLC v. Sammichaels, Inc.* Case No. 10-CV-10996 (E.D. Mich.); *Van Sweden v. 101 VT, Inc*., Case No. 10-CV-253 (W.D. Mich). *See also Hawk Valley v. Taylor*, Case No. 10-CV-804 (E.D. Pa.); *Hinman v. M&M Rental, Inc*., Case No. 06-CV-1156 (N.D. Ill.); *G.M. Sign, Inc. v. Finish Thompson, Inc*., 08-CV-5953 (N.D. Ill.). Plaintiff's counsel have successfully negotiated class-wide settlements in many other TCPA cases.

Based upon the foregoing, and the judgment of experienced class counsel, Plaintiff requests that the Court preliminarily approve the settlement.

## IV. At final approval, Class Counsel will ask the Court to approve Defendant's agreement to pay Class Counsel's fees and expenses, and an award to Plaintiff, pursuant to the Agreement.

At final approval, Class Counsel will request that the Court approve Defendant's agreement to pay them attorneys' fees equal to one-third of the Settlement Fund. It is well recognized that the attorneys' contingent risk is an important factor in determining the fee award. *Ramey v. Cincinnati Enquirer, Inc.,* 508 F.2d 1188, 1196 (6th Cir. 1974); *Florin v. Nationsbank of Georgia, N.A.*, 34

F.3d 560, 565 (7th Cir. 1994). The attorneys who create a benefit for the class members are entitled to compensation for their services. *Brent,* 2011 WL 3862363 at *19.

Here, Class Counsel's request for one-third of the settlement fund ($483,333.33) is within the market rate for TCPA cases. *See, e.g., Avio Inc. v. Creative Office Solutions, Inc.*, 10-cv-10622 (E.D. Mich. Dec. 10, 2012) (Roberts, J.) (Doc. 31) (awarding one third of fund); *Imhoff Investment, LLC v. Sammichaels, Inc.*, Case No. 10-cv-10996 (E.D. Mich. Nov. 2, 2016) (Battani, J.) (Doc. 120) (same); *Jackson's Five Star Catering, Inc. v. Beason*, Case No. 10-CV-10010 (E.D. Mich. Apr. 15, 2015) (Tarnow, J.) (Doc. 90) (same); *American Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, Case No. 09-cv-1162 (W.D. Mich. Mar. 1, 2016) (Doc. 278) (same); *Van Sweden, Inc. v. 101 VT, Inc.*, Case No. 10-cv-253 (W.D. Mich. July 30, 2015) (Doc. 245) (same); *Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*, Case No. 12-cv-2257 (N.D. Ohio Feb. 9, 2016) (Doc. 73) (same); *Hawk Valley, Inc. v. Taylor*, Case No. 10-cv-804 (E.D. Pa. Aug. 6, 2015) (Doc. 193) (same); *Sandusky Wellness Center, LLC v. Heel, Inc.*, 12-cv-1470 (N.D. Ohio Apr. 25, 2014) (Doc. 95) (same); *The Savanna Group, Inc. v. Trynex, Inc*., Case No. 10-CV-7995 (N.D. Ill. Mar. 4, 2014) (Doc. 243) (same); *Sawyer v. Atlas Heating and Sheet Metal Works, Inc.*, Case No. 10-cv-331 (E.D. Wis. July 19, 2013) (Doc. 59) (35% of fund); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, 08 C 5953 (N.D. Ill. Nov.

1, 2010) (Doc. 146) (same); *Saf-T-Gard International, Inc. v. Seiko Corp. of America*, No. 09 C 0776 (N.D. Ill. Jan. 14, 2011) (Doc. 100) (same).

Class Counsel undertook this case on a contingency basis and achieved an excellent result in a fair and efficient manner. Obviously, the purpose of a class action lawsuit is to provide a benefit to class members, not to litigate for the sake of litigating. Class Counsel delivered significant benefits to the Settlement Class in the face of numerous potentially fatal obstacles. Tested by the potential infirmities of the case itself, there is little doubt that Class Counsel undertook a significant risk here and the fee award should reflect that risk. Class Counsel faced a significant risk of nonpayment, not only for their time but also for their out-of-pocket costs.

The Class Notice informs the Settlement Class about the agreed and requested attorneys' fees and expenses, so that if any class member wishes to object he/she/it can do so. If the Court finds that the settlement is fair, reasonable, and adequate, then Class Counsel will ask the Court to approve the payment of fees to Class Counsel in an amount equal to one-third of the Settlement Fund, plus out of pocket litigation expenses not to exceed $53,500 (including the cost of KCC).

At final approval, Class Counsel will also request that the Court approve Defendant's payment of $15,000 for Plaintiff from the Settlement Fund for serving as the Class Representative. Such awards are appropriate to reward class representatives who have pursued claims on behalf of the class. *Moulton v. U. S.*

*Steel Corp.,* 581 F.3d 344, 351-52 (6th Cir. 2009); *In re Continental Illinois Securities Litig.*, 962 F.2d 566, 571-72 (7th Cir. 1992). "In deciding whether such an award is warranted, relevant factors include the actions the Plaintiffs has taken to protect the interests of the class, the degree to which the class has benefited from those actions, and the amount of time and effort the Plaintiffs expended in pursuing the litigation." *See Cook v. Niedert, et al.*, 142 F.3d 1004, 1016 (7th Cir. 1998).

Plaintiff was the catalyst for the Settlement Class's recovery. He filed and pursued the action. Plaintiff responded to discovery and stayed involved and informed. He also provided a deposition. Dr. Sobol's efforts greatly benefited the Settlement Class.

Other courts have approved similar awards in TCPA cases. *See, e.g., Imhoff Investment, LLC v. Sammichaels, Inc.*, Case No. 10-cv-10996 (E.D. Mich. Nov. 2, 2016) (Doc. 120) ($15,000.00); *Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*, Case No. 12-cv-2257 (N.D. Ohio Feb. 9, 2016) (Doc. 73) (same); *Hawk Valley, Inc. v. Taylor*, Case No. 10-cv-804 (E.D. Pa. Aug. 6, 2015) (Doc. 193) (same); *Jackson's Five Star Catering, Inc. v. Beason*, Case No. 10-CV-10010 (E.D. Mich. Apr. 15, 2015) (Doc. 90) (same); *Sandusky Wellness Center, LLC v. Heel, Inc.*, 12-cv-1470 (N.D. Ohio Apr. 25, 2014) (Doc. 95) (same); *The Savanna Group, Inc. v. Trynex, Inc.*, Case No. 10-CV-7995 (N.D. Ill. Mar. 4, 2014) (Doc. 243) (same).

**V.     The Court should approve notice to the Settlement Class.**

The parties propose to issue notice to the Settlement Class by facsimile, and by U.S. Mail to class members to whom facsimile notice is unsuccessful. Additionally, the Notice will be available on the Settlement Administrator's website. A copy of the proposed notice is attached as Exhibit A to the Agreement.

Under federal law, notice of the settlement must satisfy due process. *Maher v. Zapata Corp.*, 714 F. 2d 436, 450-453 (5th Cir. 1983); *Walsh v. Great Atlantic & Pacific Tea Co.*, 726 F. 2d 956, 963 (3d Cir. 1983). The Court is vested with wide discretion both as to the way notice is given and its content. 7B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1797.6 (3d ed. 2005). Rule 23 (e) (i) (B) requires that notice of a settlement be provided "in a reasonable manner."

Here, the parties have agreed to a reasonable manner of notice by sending it to the fax numbers at issue in the case, and, where a fax notice fails, to the names and addresses identified with those particular fax numbers. The simple, one-page Claim Form will be delivered with the Notice, so that members of the Settlement Class may complete and return it immediately by fax, mail, or electronic upload to the Settlement Administrator. The Notice and the Claim Form were written with the goals of clarity and encouraging claims by class members.

The contents of a class action settlement notice "must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the

definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23 (c) (3)." Here, the Notice satisfies these requirements.

The Notice meets the legal standards for appropriate notice and satisfies Rule 23 (e). Therefore, the Court should approve it and authorize its dissemination to the Settlement Class.

## VI.    The Court should schedule a final fairness hearing.

Plaintiff requests that the Court schedule a hearing to determine whether the settlement should be finally approved. A proposed Final Approval of Agreement and Judgment is attached as Exhibit D to the Agreement.

## VII.    Conclusion.

WHEREFORE, Plaintiff respectfully requests that the Court enter a Preliminary Approval Order in the form attached as Exhibit 1 to the Agreement, granting preliminary approval of the proposed settlement, directing that the members of the Settlement Class be notified about the proposed settlement in the form and manner agreed by the parties (Exhibit 2 to the Agreement), and setting dates for opt-outs, objections, and a final approval hearing. The final approval hearing should be

on a date no sooner than 90 days after the government officials receive the notice required by CAFA.

Dated: February 11, 2019

Respectfully submitted,

DR. LOUIS L. SOBOL, M.D., a Michigan resident, individually and as the representative of a class of similarly-situated persons,

By: /s/ David M. Oppenheim
    One of their attorneys

Richard Shenkan
SHENKAN INJURY LAWYERS, LLC
6550 Lakeshore St.
West Bloomfield, MI 48323-1429
Tel:  (248) 562-1320
Fax: (888) 769-1774

Phillip A. Bock
Tod A. Lewis
David M. Oppenheim
BOCK, HATCH, LEWIS & OPPENHEIM, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
Tel:  (312) 658-5500
Fax: (312) 658-5555

## CERTIFICATE OF E-FILING AND SERVICE

I hereby certify that on February 11, 2019, I electronically filed the foregoing using the Court's CM/ECF System, which will send notification of such filing to all counsel of record.

s/ David M. Oppenheim